IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA ESQUIBEL,

        Plaintiff,

                                      No. 09-CV-775 RLP/LFG

vs.

GIGABLAST, INC., a Delaware
Corporation licensed to do business, and
doing business in, New Mexico;
GIGABLAST, LLC, a New Mexico
limited liability company; and
MATT WELLS, individually and as
Owner of Gigablast, Inc., and Gigablast, LLD;

        Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT

      Defendants, Gigablast, Inc. and Gigablast, LLC (collectively, "Gigablast") and Matt Wells, by and through counsel of record, Gilkey & Stephenson, P.A. (Duane C. Gilkey and Quentin Smith), answer the "Complaint for Sex Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 and the New Mexico Human Rights Act; Wrongful Termination; Assault and Battery; Bad Faith Breach of Contract; Infliction of Emotional Distress/Outrageous Conduct; and Intentional Interference with Employment Contract" (hereinafter, "the Complaint") as follows:

### First Defense

*Jurisdiction and Venue*

      1.      Paragraph 1 of the Complaint is a statement of Plaintiff's legal theories that requires no response; nonetheless, Defendants deny Plaintiff is entitled to relief under any statute or legal theory.

2.      In response to Paragraph 2 of the Complaint, Plaintiff's statements of jurisdiction and venue are legal conclusions that require no response.

3.      In response to Paragraph 3 of the Complaint, Defendants deny Plaintiff was employed as an "executive officer" of Gigablast.  Defendants admit the remaining allegations of Paragraph 3.

4.      Defendants deny the allegations and legal conclusions in Paragraphs 4 and 5 of the Complaint.

*Parties*

5.      Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint and, therefore, deny them and demand strict proof thereof.

6.      Defendants admit the allegations of Paragraph 7 of the Complaint.

7.      Defendants admit the first sentence of Paragraph 8 of the Complaint.  The second sentence of Paragraph 8 calls for legal conclusions that require no response.

8.      In response to the first sentence of Paragraph 9 of the Complaint, Defendants affirmatively state that Plaintiff was first hired by Gigablast on January 19, 2005.  In response to the second sentence of Paragraph 9, Defendants deny Plaintiff was an "excellent employee," and affirmatively state that Plaintiff left her employment with Gigablast on January 27, 2006.  In response to the third sentence of Paragraph 9, Defendants deny Mr. Wells "enticed" Plaintiff to return to work for Gigablast, but Defendants admit the remaining allegations therein.  Defendants deny the fourth sentence of Paragraph 9.  In response to the fifth sentence of Paragraph 9, Defendants affirmatively state that Plaintiff's salary was raised to $50,000 per year on or about November 13, 2006.

9.      In response to Paragraph 10 of the Complaint, Defendants affirmatively state that Plaintiff was given a cookie bouquet and a card; however, the award was sent at the request of another Gigablast employee.

10.     In response to Paragraph 11 of the Complaint, Defendants admit Plaintiff informed Mr. Wells that she was pregnant; however, Defendants are without sufficient information or knowledge to admit or deny the allegation regarding the date Plaintiff informed Mr. Wells she was pregnant and, therefore, Defendants deny that specific allegation and demand strict proof thereof.

11.     Defendants deny the allegations in Paragraphs 12 through 14 of the Complaint.

12.     In response to the first sentence of Paragraph 15 of the Complaint, Defendants affirmatively state that, after Plaintiff informed Mr. Wells of her pregnancy, he asked her to inform him of her duties and place employment advertisements in preparation of her anticipated temporary leave to give birth.  Defendants deny the second sentence of Paragraph 15.

13.     In response to Paragraph 16 of the Complaint, Defendants deny that Mr. Wells changed his behavior toward Plaintiff after he was informed of her pregnancy.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 16 and, therefore, deny them and demand strict proof thereof.

14.     In response to the first sentence of Paragraph 17 of the Complaint, Defendants deny that Plaintiff had been promised a salary increase and stock options to be received in August 2007. In response to the second and third sentences of Paragraph 17, Defendants affirmatively state that Mr. Wells told Plaintiff that the company was not in a financial position to give her a $5,000 raise. In response to the fourth sentence of Paragraph 17, Defendants admit Plaintiff was given a 2.5% raise on August 18, 2007, but Defendants deny the remaining allegations therein.

15.     In response to the first sentence of Paragraph 18 of the Complaint, Defendants admit that, on October 22, 2007, Plaintiff gave to Mr. Wells a note from her doctor recommending that she work three days per week; however, Defendants are without sufficient information or knowledge to admit or deny whether Plaintiff was six-months pregnant at that time and, therefore, deny that specific allegation and demand strict proof thereof.  Defendants deny the second sentence of Paragraph 18.

16.     In response to the first sentence of Paragraph 19 of the Complaint, Defendants affirmatively state that Plaintiff's employment was terminated on October 24, 2007.  In response to the second and third sentences of Paragraph 19, Defendants deny that Plaintiff was told that she was a "good employee" and Defendants admit that Mr. Wells did not provide her with the reasons for her termination.

17.     Defendants are without sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 20 of the Complaint and, therefore, deny them and demand strict proof thereof.  Defendants deny the remaining allegations in Paragraph 20.

18.     Defendants deny the first sentence of Paragraph 21 of the Complaint.  Defendants are without sufficient information or knowledge to admit or deny the allegations in the second sentence of Paragraph 21 and, therefore, deny them and demand strict proof thereof.

19.     In response to the first sentence of Paragraph 22 of the Complaint, Defendants admit that Plaintiff applied for unemployment compensation after her termination; however, Defendants are without sufficient information or knowledge to admit or deny the remaining allegations therein and, therefore, deny them and demand strict proof thereof.  Defendants deny the allegations and legal conclusions in the second and third sentences of Paragraph 22.

20.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, deny them and demand strict proof thereof.

21.     Defendants deny the allegations and legal conclusions in Paragraphs 24 and 25 of the Complaint.

**Count I:  Gender Discrimination in Violation of Title VII**

22.     In response to Paragraph 26 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 25 as set forth above.

23.     Defendants deny the allegations and legal conclusions in Paragraph 27 through 31 of the Complaint.

**Count II:  Gender Discrimination in Violation of the New Mexico Human Rights Act**

24.     In response to Paragraph 32 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 31 as set forth above.

25.     Paragraphs 33 and 34 of the Complaint call for legal conclusions that require no response.

26.     Defendants deny the allegations and legal conclusions in Paragraphs 35 through 37 of the Complaint.

**Count III:  Retaliation in Violation of Title VII and the New Mexico Human Rights Act**

27.     In response to Paragraph 38 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 37 as set forth above.

28.     Paragraph 39 of the Complaint calls for legal conclusions that require no response.

29.     Defendants deny the allegations and legal conclusions in Paragraphs 40 through 44 of the Complaint.

*Count IV:  Bad Faith Breach of Contract/Wrongful Termination*

30.     In response to Paragraph 45 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 44 as set forth above.

31.     Defendants deny the allegations and legal conclusions in Paragraphs 46 through 48 of the Complaint.

*Count V:  Intentional Interference with Employment Contract*

32.     In response to Paragraph 49 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 48 as set forth above.

33.     Defendants deny the allegations and legal conclusions in Paragraphs 50 through 54 of the Complaint.

*Count VI:  Assault and Battery*

34.     In response to Paragraph 55 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 54 as set forth above.

35.     Defendants deny the allegations and legal conclusions in Paragraphs 56 through 59 of the Complaint.

*Count VII:  Infliction of Emotional Distress/Outrageous Conduct*

36.     In response to Paragraph 60 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 59 as set forth above.

37.     Defendants deny the allegations and legal conclusions in Paragraphs 60 through 63 of the Complaint.

<u>**Second Defense**</u>

The Complaint fails to state claims upon which relief may be granted.

### Third Defense

Plaintiff's claims are barred or reduced as a result of her own acts or omissions on grounds including, but not limited to, consent, estoppel, laches, waiver, and unclean hands.

### Fourth Defense

At all times, Defendants acted in good faith on all matters related to the allegations in the Complaint.

### Fifth Defense

All actions taken against Plaintiff would have been taken in any event based on after-acquired evidence, and the Complaint is either entirely barred or the alleged damages should be reduced accordingly.

### Sixth Defense

Plaintiff failed to exhaust her administrative remedies against all Defendants.

### Seventh Defense

Plaintiff was hired and later discharged from employment by the same actor; therefore, no inference of discrimination applies.

### Eighth Defense

Any actions by Defendants alleged in the Complaint were and are otherwise justified, privileged, and based upon legitimate business reasons.

### Ninth Defense

Plaintiff cannot show that the legitimate, non-discriminatory business reasons stated by Defendants for terminating Plaintiff's employment are pretextual.

### Tenth Defense

Assuming *arguendo* that Plaintiff's alleged protected statuses were motivating factors in any employment decisions, Defendants would have taken the same action in the absence of those alleged protected statuses.

### Eleventh Defense

Plaintiff did not suffer a hostile working environment because the atmosphere was not abusive and any alleged conduct was not severe or pervasive.

### Twelfth Defense

Plaintiff failed to give notice to Defendants of any alleged discrimination and/or harassment.

### Thirteenth Defense

Plaintiff did not engage in any "protected activity" as that term is defined under Title VII of the Civil Rights Act or under the New Mexico Human Rights Act.

### Fourteenth Defense

Plaintiff did not suffer any adverse employment action because of her alleged protected activity and cannot establish a causal connection between any alleged protected activity and her termination.

### Fifteenth Defense

Any alleged adverse action taken against Plaintiff was already in progress before she engaged in her alleged protected activity and was unrelated to the alleged protected activity.

### Sixteenth Defense

Plaintiff had no contract of employment with Defendants, either express or implied.

### Seventeenth Defense

Defendants did not make any written or oral representations that would cause a reasonable person to believe that the at-will employment relationship was altered.

### Eighteenth Defense

Assuming *arguendo* that any written or oral representations were made that would have altered the at-will relationship, the management personnel making those representations did not have the authority to create an implied contract with Plaintiff regarding the terms and conditions of her employment.

### Nineteenth Defense

Any contract allegedly implied from policies and procedures, the existence of which Defendants deny, is void or voidable for lack of consideration.

### Twentieth Defense

Defendants did not breach any contract of employment and, even assuming *arguendo* that a contract existed, Plaintiff was terminated for just cause.

### Twenty-First Defense

Defendants complied with or substantially complied with all guidelines, policies, and procedures as they relate to Plaintiff's employment.

### Twenty-Second Defense

Under New Mexico law, there is no breach of the covenant of good faith and fair dealing in an at-will employment context.

### Twenty-Third Defense

Plaintiff cannot show that Mr. Wells played an active and substantial part in causing her to lose the benefits of any alleged contract with Gigablast.

**Twenty-Fourth Defense**

Assuming *arguendo* that Mr. Wells played a role in causing Plaintiff to lose the benefits of an alleged contract with Gigablast, Mr. Wells had a justification or privilege for doing so.

**Twenty-Fifth Defense**

Assuming *arguendo* that Mr. Wells played a role in causing Plaintiff to lose the benefits of an alleged contract with Gigablast, Plaintiff cannot show that Mr. Wells had any improper motive.

**Twenty-Sixth Defense**

Assuming *arguendo* that Mr. Wells played a role in causing Plaintiff to lose the benefits of any alleged contract with Gigablast, Plaintiff cannot show that Mr. Wells intended to interfere with the contractual relationship.

**Twenty-Seventh Defense**

Defendants did not commit any act or engage in any conduct which caused Plaintiff to reasonably believe that she was in danger of receiving an immediate battery.

**Twenty-Eight Defense**

Plaintiff cannot show that she actually feared an intrusion on her bodily integrity or personal safety by the touching or applying of force to her in a rude, insolent, or angry manner.

**Twenty-Ninth Defense**

Plaintiff cannot show that a reasonable person would have believed he or she was in danger of an imminent battery.

**Thirtieth Defense**

Defendants did not unlawfully or intentionally touch or apply force to Plaintiff in a rude, insolent, or angry manner.

### Thirty-First Defense

Assuming *arguendo* that Plaintiff was touched, Defendants were acting in defense of their property and the amount of force allegedly applied would have been reasonable under the circumstances.

### Thirty-Second Defense

Defendants did not engage in any conduct that was extreme or outrageous under the circumstances.

### Thirty-Third Defense

Defendants did not intentionally or recklessly cause Plaintiff to experience severe emotional distress.

### Thirty-Fourth Defense

Plaintiff has failed to mitigate her damages, if any, sought by the Complaint and, therefore, is barred from recovering damages, in whole or in part.

### Thirty-Fifth Defense

Plaintiff's damages, if any, are barred or limited under the doctrine of comparative negligence in that Plaintiff's conduct and actions were negligent and proximately caused her damages.

### Thirty-Sixth Defense

Plaintiff fails to state a claim upon which an award of attorneys' fees to her may be granted.

### Thirty-Seventh Defense

Plaintiff's claims do not state facts sufficient to enable her to recover exemplary or punitive damages.

### **Thirty-Eighth Defense**

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of New Mexico.

### **Thirty-Ninth Defense**

Defendants deny any allegations not specifically admitted in this Answer.

### **Affirmative Claim for Attorneys' Fees**

Plaintiff has no reasonable or just cause to bring her claims and Plaintiff has brought this action maliciously, in bad faith, unreasonably, vexatiously, and for purposes of harassment. Defendants are entitled to an award of their reasonable attorneys' fees and costs in defending this action.

WHEREFORE, Defendants respectfully request that the Court dismiss, with prejudice, each and every one of Plaintiff's claims, award Defendants their reasonable attorneys' fees and costs incurred, and provide any and all other relief that the Court deems just and proper.

GILKEY & STEPHENSON, P.A.

/s/ Quentin Smith
By: _____
Duane C. Gilkey
Quentin Smith
*Attorneys for Defendants*
P.O. Drawer 25566
Albuquerque, NM 87125
(505) 242-4466; (505) 242-3145 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was filed through the CM/ECF system, which caused an electronic copy to be delivered by e-mail to counsel for Plaintiff, The Bennett Firm (Merit Bennett and Talia V. Kosher), on this 10th day of September, 2009.

                       /s/ Quentin Smith

                       _____

                       Quentin Smith